**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HENRY A. JONES JR.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C. WU,<br><br>　　　　Defendant. | Case No. CV 15-5884 DDP (SS)<br><br>**MEMORANDUM AND ORDER**<br>**DISMISSING COMPLAINT WITH**<br>**LEAVE TO AMEND** |

**I.**

**INTRODUCTION**

On August 4, 2015, Plaintiff Henry A. Jones Jr. ("Plaintiff") filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (the "Complaint"). For the reasons stated below, the Complaint is dismissed with leave to amend.[1]

---

[1] Magistrate judges may dismiss a complaint with leave to amend without approval of the district judge. See McKeever v. Block, 932 F.2d 795, 795 (9th Cir. 1991).

Congress mandates that district courts initially screen civil complaints filed by prisoners seeking redress from a governmental entity or employee. 28 U.S.C. § 1915A(b). This Court may dismiss such a complaint, or any portions thereof, before service of process if the Court concludes that the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (en banc).

## II.

### ALLEGATIONS AND CLAIMS OF THE COMPLAINT

In the caption of the Complaint, Plaintiff identifies only Dr. C. Wu, an employee of the California Department of Corrections and Rehabilitation, as a defendant. (Complaint 1). However, in the body of the Complaint, and specifically under the first cause of action, Plaintiff complains of actions of "other CDCR [d]octors," but does not specifically identify them. (Id. at 4).

In 2007, Plaintiff was implanted with a defibrillator "having had a family history of [prolonged] QT leading to heart attacks."[2] (Id. at 2). In 2010, Plaintiff "was led to believe

---

[2] According to the Complaint, a "prolonged QT[] interval places a patient at an increased risk of experiencing sudden cardiac death." (Complaint at 3-4).

2

that he[] did not need a [defibrillator] by Dr. Sohota and the M[A]RS committee at [f]olsom state prison."[3] (Id.). On or about August 13, 2013, Plaintiff was transferred to "Lancaster state prison where he was seen by medical and informed [that] he did not need the [defibrillator] no more and sched[]uled to have it removed." (Id. at 3). In 2013, "[Nurse] Debbie told [P]laintiff that they were not going to send [him] out any more, but were just going to let the batteries die." (Id. at 2). Plaintiff alleges that he was denied medical maintenance of his defibrillator for "2 year[s], and or about 2013." (Id.).

Plaintiff alleges that "Dr. Wu and other CDCR [d]octors listed above" conspired with each other to deny [P]laintiff the mainten[an]ce [and] up keep of his [defibrillator]." (Id. at 4). Although Plaintiff does not specifically identify the "other CDCR [d]octors," he appears to be attempting to bring a cause of action against the several members of the "M[A]RS committee" he names in the body of the Complaint. (See Complaint, Exhibit A; see also Complaint at 2). Plaintiff also alleges that use of Defendants "individual authority and position [] constitute[s] a conspiracy to deny" him due process. (Complaint at 4).

Plaintiff seeks compensatory damages of $1,000,000.00, punitive damages of $1,000,000.00, and declaratory relief. (Id. at 4).

---

[3] Plaintiff states that the "M[A]RS committee at [f]olsom state prison . . . includes Dr(s) Hamkar; Nangalama; Bobbala; Moghaddam; Ma; Wendell; and Duc." (Complaint at 2).

## III.

## DISCUSSION

Under 28 U.S.C. § 1915A(b), the Court must dismiss the complaint due to defects in pleading. Pro se litigants in civil rights cases, however, must be given leave to amend their complaints unless it is absolutely clear that the deficiencies cannot be cured by amendment. Lopez, 203 F.3d at 1127-29. Accordingly, the Court grants Plaintiff leave to amend, as indicated below.

**A. The Complaint Fails To State A Claim For Deliberate Indifference To A Serious Medical Need**

Although the complaint is not entirely clear, it appears that Plaintiff claims that Defendants were deliberately indifferent to his medical needs because they failed to provide maintenance for his defibrillator. (See Complaint at 1-4).

To state a claim for deliberate indifference to serious medical needs, a prisoner must show that he was confined under conditions posing a risk of "objectively, sufficiently serious" harm and that the officials had a sufficiently culpable state of mind in denying the proper medical care. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). There must be a purposeful act or failure to act on the part of the official resulting in harm to Plaintiff. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Deliberate indifference "'entails something more

4

than mere negligence.'" Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005) (quoting Farmer v. Brennan, 511 U.S. 825, 835 (1994)).

Plaintiff's allegations fail to state a claim for deliberate indifference. Plaintiff asserts that Defendants failed to maintain his defibrillator. However, according to the Complaint, the defibrillator was removed because Plaintiff was no longer in need of it. (See Complaint at 3). Plaintiff's allegations do not satisfy the elements for a deliberate indifference claim. Plaintiff must allege, if he can, facts showing that each specific Defendant was aware that denying Plaintiff maintenance of his defibrillator posed a serious risk of harm and that they were deliberately indifferent to the serious health risk it posed. Plaintiff must also explain how each individual Defendant's actions or inactions directly caused Plaintiff harm. Accordingly, the Complaint must be dismissed, with leave to amend.

**B.   The Complaint Fails To State A Claim For Conspiracy**

Plaintiff also alleges that Defendants engaged in a conspiracy to deny him the maintenance of his defibrillator and his due process rights. (Id. at 4). A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir.

5

1989) (citation omitted)), and an actual deprivation of constitutionally protected right, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)).

Plaintiff has failed to allege any plausible facts supporting the existence of a conspiracy among Defendants. Plaintiff must show that the individual Defendants conspired to deprive him of his constitutional rights. Plaintiff must clearly explain the nature and purpose of the conspiracy and what each individual Defendant did as a participant in the conspiracy. See Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011) (requiring "sufficient allegations of underlying facts" showing the involvement of each defendant in the constitutional violation to state a claim). As such, the Complaint must be dismissed with leave to amend.

**C.  The Complaint Fails To Satisfy Federal Rule Of Civil Procedure 8**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. V. Twombly, 550 U.S. 544, 555, (2007). Rule 8(e)(1) instructs that "[e]ach averment of a pleading shall be simple, concise, and direct." A complaint violates Rule 8 if a defendant would have

6

difficulty understanding and responding to the complaint. Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1059 (9th Cir. 2011).

Here, the Complaint does not comply with the standards of Rule 8. The Complaint contains potentially relevant and irrelevant disjointed factual assertions rendering the claim confusing. In addition, because Plaintiff is not required to provide evidence supporting his claim at this stage of the litigation, the exhibits attached to the Complaint are unnecessary. Further, some of the exhibits are irrelevant. For example, Plaintiff provides several pages from his administrative appeal for his request of the names of the "M[A]RS committee" members. (See Complaint, Exhibit C at 29-33). Plaintiff also appends a December 3, 2014 "Order and Findings and Recommendations" from a prior civil rights action that Plaintiff brought against a different defendant based on a different claim, albeit regarding his defibrillator. (Id. at 8-27). Plaintiff has also failed to clearly identify the "other CDCR Doctors" and failed to name all the Defendants in a single list in the same section of the Complaint. Consequently, the Complaint fails to provide a simple, concise and direct statement of the violation alleged to allow a defendant to have fair notice of the claim against him and the ability to adequately respond. See Twombly, 550 U.S. at 555. Accordingly, the Complaint is dismissed with leave to amend. Should Plaintiff choose to file an Amended Complaint, Plaintiff is advised to name all Defendants in the same section of the Complaint and to clearly identify the nature

of the legal claims he is bringing, the specific facts giving rise to his claims against each individual Defendant, and the relief sought.

## IV.

## CONCLUSION

For the reasons stated above, the Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he is granted **thirty (30) days** from the date of this Memorandum and Order within which to file a First Amended Complaint. In any amended complaint, the Plaintiff shall cure the defects described above. **Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the original complaint.** The First Amended Complaint, if any, shall be complete in itself and shall bear both the designation "First Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to any previously filed complaint in this matter.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, <u>a copy of which is attached.</u>** In any amended

complaint, Plaintiff should identify the nature of each separate legal claim and make clear what specific factual allegations support each of his separate claims. Plaintiff is strongly encouraged to keep his statements concise and to omit irrelevant details. It is not necessary for Plaintiff to cite case law or include legal argument. Plaintiff is also advised to omit any claims for which he lacks a sufficient factual basis.

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b). <u>Plaintiff is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A form Notice of Dismissal is attached for Plaintiff's convenience.</u>**

DATED: November 30, 2015

                                                /S/
                                    SUZANNE H. SEGAL
                                    UNITED STATES MAGISTRATE JUDGE