UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY A. JONES, JR., <br><br> Plaintiff, <br><br> v. <br><br> DR. C. WU, <br><br> Defendant. | Case No. CV 15-5884 DDP (SS) <br><br> **MEMORANDUM AND ORDER** <br><br> **DISMISSING AMENDED COMPLAINT** <br><br> **WITH LEAVE TO AMEND** |

**I.**

**INTRODUCTION**

On August 4, 2015, Plaintiff Henry A. Jones Jr. ("Plaintiff"), a California state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint"). (Dkt. No. 1). On November 30, 2015, the Court dismissed the Complaint with leave to amend ("Order of Dismissal"). (Dkt. No. 14). On December 30, 2015, Plaintiff

filed the now-operative amended civil rights complaint pursuant to 42 U.S.C. § 1983 ("Amended Complaint").[1] (Dkt. No. 31).

Congress mandates that the court screen, as soon as practicable, "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court may dismiss such a complaint, or any portion of it, before service of process if the court concludes that the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). For the reasons discussed below, the Amended Complaint is DISMISSED with leave to amend.[2]

\\

\\

---

[1] Because of a docketing error by the Clerk's Office, the Amended Complaint was docketed several months after it was filed.

[2] Magistrate Judges may dismiss a complaint with leave to amend without approval of the District Judge. See McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

The Court also notes that, on January 18, 2017, Plaintiff filed a Notice of Appeal from an order denying a motion for a "writ of mandate" that sought to expedite a decision in this case. (Dkt. Nos. 44-46). The Ninth Circuit has not issued a ruling in Plaintiff's appeal. However, because the order denying Plaintiff's motion was not a final appealable order, the district court retains jurisdiction to issue the instant Order. See Estate of Conners v. O'Connor, 6 F.3d 656, 658 (9th Cir. 1993) ("Th[e] transfer of jurisdiction from the district court to the court of appeals is not effected . . . if a litigant files a notice of appeal from an unappealable order.").

2

**II.**

**ALLEGATIONS OF THE AMENDED COMPLAINT**

Plaintiff names Dr. Chengocong Wu, a physician at California State Prison, Los Angeles County, as the sole Defendant in this action. (Amended Complaint at 1-3, 6-7, 9-10). Plaintiff names Dr. Wu as a Defendant in both his official and individual capacities. (Id. at 9). Plaintiff claims that Dr. Wu was deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment. (Id. at 15).

Plaintiff alleges that, in January 2007, he had a defibrillator implanted because he "needed this device to stay alive." (Id. at 10). However, Plaintiff subsequently came to believe that his defibrillator was subject to a recall and he filed grievances asking to have it removed. (Id.). Plaintiff later discussed his concerns with Dr. Wu, who "informed [P]laintiff he no longer need[ed] the device any way." (Id. (formatting altered)). Plaintiff claims that Dr. Wu subsequently removed the defibrillator "without fully knowing that it had been recalled or no longer the need for the device." (Id. at 12, 15). Plaintiff also claims that Dr. Pavel Petrik informed Plaintiff that the leads on the defibrillator "would have to come out," but Dr. Wu ordered that they not be removed. (Id. at 15).

Plaintiff claims that his family has a history of heart problems and that for the past six months he has "display[ed] signs of heart complication and elevated blood pressure"

3

indicating that he needs a defibrillator. (Id.). Plaintiff alleges that, "if CDCR does not re-install him with another device, he will die." (Id. at 10 (spelling and formatting altered)).

Plaintiff also appears to allege that Dr. Wu temporarily ordered that Plaintiff's heart medication be crushed "in retaliation" for unspecified actions, even though he knew that Plaintiff would not take the medications if they were crushed. (Id. at 12-13, 16, 55). Finally, Plaintiff alleges that he requested to see a heart specialist on October 27, 2015, but Plaintiff had not seen a specialist by December 12, 2015, the date when the Amended Complaint was prepared. (See id. at 13, 16).

Plaintiff seeks an injunction requiring prison staff to provide him with a new defibrillator, as well as compensatory and punitive damages. (Id. at 16).

### III.
### DISCUSSION

The Court must dismiss the Amended Complaint due to defects in pleading. A pro se litigant in a civil rights case, however, must be given leave to amend his or her complaint unless "it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment." See Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted).

4

Accordingly, the Amended Complaint is dismissed with leave to amend.

**A.** **Plaintiff Fails To State A Claim Under 42 U.S.C. § 1983 For Deliberate Indifference To Serious Medical Needs**

Plaintiff alleges that Dr. Wu was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment by removing his defibrillator "without fully knowing that it had been recalled or no longer the need for the device" and by crushing his medication. (Amended Complaint at 12-13, 15-16). However, Plaintiff's deliberate indifference allegations are defective.

To maintain an Eighth Amendment claim based on a prisoner's medical treatment, the prisoner must demonstrate that the defendant was "deliberately indifferent" to his "serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). To establish a "serious medical need," the prisoner must demonstrate that "'failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Id. at 1096 (citation omitted).

To establish "deliberate indifference," the prisoner must demonstrate "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Id. Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with

5

medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (citations omitted). The defendant must have been subjectively aware of a serious risk of harm and must have consciously disregarded that risk. See Farmer v. Brennan, 511 U.S. 825, 839-40 (1994).

Mere malpractice or negligence in the provision of medical care does not establish a constitutional violation. Simmons v. Navajo Cnty. Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010). Additionally, a mere difference of opinion in the form or method of treatment does not amount to a deliberate indifference of plaintiff's serious medical needs. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004).

The Amended Complaint does not plausibly allege "deliberate indifference," i.e., a purposeful act or failure to respond to an objectively serious medical need. Particularly, it does not plausibly allege that Dr. Wu was subjectively aware of a risk of harm to Plaintiff and consciously disregarded that risk. On the contrary, Plaintiff's allegations appear to establish that Dr. Wu responded to Plaintiff's concerns about his defibrillator, determined that a defibrillator was no longer necessary, and removed the defibrillator. (See Amended Complaint at 10). Plaintiff alleges that Dr. Wu acted "without fully knowing" the risks, which at most constitutes medical negligence and falls short of the "deliberate indifference" standard. See Simmons, 609 F.3d at 1019; see also Wilhelm v. Rotman, 680 F.3d 1113, 1123 (9th Cir. 2012) (a "negligent misdiagnosis" does not state a

6

claim for deliberate indifference). Plaintiff also appears to allege a "difference of opinion in the form or method of treatment," either between Plaintiff and Dr. Wu or between Dr. Petrik and Dr. Wu. These differences of opinion do not amount to deliberate indifference. Toguchi, 391 F.3d at 1058; see also Wilhelm, 680 F.3d at 1123 (a "disagreement" between a defendant physician and another physician does not state a claim for deliberate indifference).

In sum, the Amended Complaint acknowledges that Dr. Wu took some affirmative steps to investigate and remedy Plaintiff's complaints and does not plausibly allege that Dr. Wu was deliberately indifferent to Plaintiff's serious medical needs. Accordingly, Plaintiff's deliberate indifference claims are dismissed with leave to amend.

**B.   The Amended Complaint Violates Rule 8**

The Amended Complaint also does not comply with the standards of Federal Rule of Civil Procedure 8. See Fed. R. Civ. P. 8. Rule 8(a)(2) "'requires only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); see also Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (pleading may violate Rule 8 by saying "too little" or "too much").

The Amended Complaint does not give Dr. Wu fair notice of what Plaintiff's claims are and the grounds upon which they rest. The Amended Complaint contains potentially relevant and irrelevant disjointed factual assertions, often interspersed with legal argument, rendering Plaintiff's claims confusing. In addition, because Plaintiff is not required to provide evidence at this stage of the litigation, the exhibits attached to the Amended Complaint are unnecessary.  It is also unclear whether Plaintiff intends to assert a claim against Dr. Wu for crushing his medication in "retaliation," and Plaintiff does not discuss what actions Dr. Wu was retaliating against.  There are also no allegations associating Dr. Wu, the sole Defendant, with Plaintiff's alleged inability to see a heart specialist between October and December 2015, and it is unclear whether Plaintiff intends to assert a claim on this basis.

Accordingly, the Amended Complaint fails to provide Dr. Wu with fair notice of the claims against him in a clear and concise statement. See Twombly, 550 U.S. at 555.  As such, the Amended Complaint is dismissed with leave to amend.

C.   **Any Claims for Money Damages Against Dr. Wu In His Official Capacity Are Defective**

Plaintiff sues Dr. Wu in his official and individual capacities and requests both money damages and injunctive relief. (Amended Complaint at 9, 16).  Although it is unclear exactly what relief Plaintiff will seek against Dr. Wu in each capacity,

8

Plaintiff is advised that the Eleventh Amendment bars any claims for money damages against Dr. Wu in his official capacity.

Pursuant to the Eleventh Amendment, a state and its official arms are immune from suit under section 1983. See Howlett v. Rose, 496 U.S. 356, 365 (1990); Brown v. Cal. Dept. of Corrections, 554 F.3d 747, 752 (9th Cir. 2009) ("California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court"). "A suit against a state official in his or her official capacity . . . is no different from a suit against the State itself." Flint v. Dennison, 488 F.3d 816, 824-25 (9th Cir. 2007) (citation omitted).[3] Therefore, state officials sued for damages in their official capacity are generally entitled to immunity. Id. at 825.

When state officials are sued in their official capacity for prospective injunctive relief under section 1983, they are not immune from suit. Id. Therefore, Plaintiff's claims for injunctive relief may be maintained against Dr. Wu in his official capacity. However, any official capacity claims for money damages must be dismissed.

\\

\\

---

[3] Because official capacity claims are "in all respects other than name" suits against the government entity, Plaintiff's claims here against Defendants in their official capacity are claims against the California Department of Corrections and Rehabilitation, i.e., the California state government. Kentucky v. Graham, 473 U.S. 159, 166 (1985).

**IV.**

**CONCLUSION**

For the reasons stated above, the Amended Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he is granted **thirty (30) days** from the date of this memorandum and Order within which to file a Second Amended Complaint. In any amended complaint, Plaintiff shall cure the defects described above.

**Furthermore, Plaintiff shall omit any claims, allegations or parties that are not reasonably related to the claims asserted in the Amended Complaint but shall instead attempt to cure the deficiencies addressed in this Order.** The Second Amended Complaint, if any, shall be complete in itself and shall bear both the designation "Second Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to any prior complaint.

In any amended complaint, Plaintiff should confine his allegations to the operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, <u>a copy of which is attached</u>**. In any amended complaint, Plaintiff should identify the nature of each separate

legal claim and make clear what specific factual allegations support his claims. Plaintiff is strongly encouraged to keep his statements concise and to omit irrelevant details. It is not necessary for Plaintiff to cite case law or include legal argument.

**Plaintiff is explicitly cautioned that failure to timely file a Second Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).** <u>**Plaintiff is further advised that if he no longer wishes to pursue this action he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1).**</u> **A form Notice of Dismissal is attached for Plaintiff's convenience.** <u>**Finally, in the event the Court concludes that Plaintiff's action is frivolous, malicious, or fails to state a claim upon which relief may be granted, this action may constitute a "strike" and bar Plaintiff from future actions.**</u>

DATED: February 3, 2017

                                                 /S/
                                    SUZANNE H. SEGAL
                                    UNITED STATES MAGISTRATE JUDGE

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN LEXIS, WESTLAW OR ANY OTHER LEGAL DATABASE.**